IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CINTHIA ANN SMOLEY,

        Plaintiff,

v.                                                       No. 18cv993 JCH/CG

BAYVIEW LOAN SERVICING, LLC,
M&T BANK,
CHASE MANHATTEN MORTGAGE CORP.,
FREDDIE MAC, et al.

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Complaint and Request for Injunction, Doc. 1, filed October 23, 2018, and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 23, 2018.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court will grant Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings and that the following information is true: (i) her income amount expected next month is $1,320.00; (ii) her total monthly expenses are $1,300.00; (iii) she has $43.00 in a bank account, and (iv) she is unemployed. The Court finds that Plaintiff is unable to pay the filing fee because her monthly income exceeds her monthly expenses by only $20.00 and she is unemployed.

**Dismissal of the Case**

Plaintiff's property is the subject of a foreclosure action in state court. Plaintiff seeks to quiet title on the property, to enjoin the state court from holding a hearing set for October 31, 2018, and to be awarded damages.

The Court will dismiss Plaintiff's request to enjoin the state court for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"). The Anti-Injunction Act prohibits injunctions against state-court proceedings, with three exceptions that do not apply in this case: "A court of the United States may not grant an injunction to stay proceedings in a State court except as

expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

Plaintiff fails to state a claim for her quiet title action because she does not set forth the nature and extent of her estate.[1] *See* N.M.S.A. § 42-6-2 ("The plaintiff must file his complaint [for a quiet title action] . . . setting forth the nature and extent of his estate and describing the premises as accurately as may be"). Furthermore, "[d]amages are not recoverable in a suit to quiet title." *Chavez v. Gomez*, 1967-NMSC-011, ¶ 19, 77 N.M. 341, 346 (1967). The Court will dismiss Plaintiff's quiet title action for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2) ("the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted").

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 23, 2018, is **GRANTED.**

(ii) This case is dismissed without prejudice.

                                                  _____
**UNITED STATES DISTRICT JUDGE**

---

[1] Plaintiff filed a supplement to her Complaint which contains a copy of a mortgage, presumably for the subject property, signed by Plaintiff and another borrower. Doc. 4 at 19, filed October 25, 2018.